UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REV. ANNE S. ARMSTRONG and REV. ALAN L. GORDON,<br>　　Plaintiffs,<br><br>　　v.<br><br>THE STATE OF RHODE ISLAND; PETER F. NERONHA, in his individual capacity; PETER F. NERONHA and PETER KILMARTIN, current and immediately prior Attorneys General of Rhode Island in their official capacity; PETER F. NERONHA, United States Attorney for the District of Rhode Island, in his official capacity; MAUREEN KEOUGH, (Prior) Chief, Rhode Island Attorney General, Criminal Division, in her official capacity; J. PATRICK YOUNGS III, Criminal Division Deputy Chief, Rhode Island Attorney General in his individual and official capacities; SPECIAL ASSISTANT DIVISION, ATTORNEY GENERAL OF RHODE ISLAND in its official capacity; MICHAEL WHITE, in his individual capacity; ROBERT P. MCKENNA, in his individual capacity; MICHAEL S. McCABE, in his individual capacity; ALEXANDER SCHULTHEIS, in his individual capacity; MICHAEL W. FIELD, in his individual capacity; KEITH HOFFMAN, in his individual capacity; and the RHODE ISLAND DIVISION, NEW ENGLAND HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) TASKFORCE, in its official capacity,<br>　　Defendants. | C.A. No. 1:24-cv-00066-MSM-PAS |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The state and federal defendants captioned above move to dismiss the Amended Complaint of *pro se* plaintiffs Reverend Anne S. Armstrong and Reverend Alan L. Gordon. (ECF Nos. 38, 48.) The plaintiffs' wide-ranging claims assert malicious prosecution, violation of their religious freedoms, a cannabis-related racketeering scheme orchestrated by some or all defendants, and a series of intentional torts such as assault, battery, and false arrest. The plaintiffs' identified causes of action are 42 U.S.C. § 1983 ("§ 1983"), 18 U.S.C. § 1962 ("civil RICO"), and 28 U.S.C. § 2674 (the Federal Tort Claims Act or "FTCA"). (ECF No. 26 at 1.) The Court reads the plaintiffs' § 1983 claims against the federal defendants as brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").

### I.   Plaintiffs' Motions to Amend and Supplement

The plaintiffs seek to amend and supplement their Amended Complaint. (ECF Nos. 39, 40.) They wish to add new allegations post-dating the Amended Complaint, specifically: 1) that the Rhode Island Attorney General's Office has violated Rhode Island law by seeking to represent defendant Neronha in his individual capacity for torts predating his service as Attorney General and 2) that the plaintiffs' 2015 federal citations were dismissed, on the government's motion, in 2024. (ECF Nos. 39 at 5-8; 39-1 at 6-7, 12; 40 at 3.)

The Court understands these motions as requests to supplement, not amend,

the plaintiffs' Amended Complaint.  A supplemental pleading under Fed. R. Civ. P. 15(d) "sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." *Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006) (quoting *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002)); *see U.S. ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 n.3 (1st Cir. 2015) (noting that a motion to supplement that, in fact, seeks to amend the pleadings "will ordinarily be recharacterized and addressed under the correct rubric").  Rule 15(d) "authorizes the district court to permit service of a supplemental pleading 'on just terms.'" *U.S. ex rel. Gadbois*, 809 F.3d at 7 (quoting Fed. R. Civ. P. 15(d)).  The Court will accept the allegations in ECF Nos. 39 and 40 and attached exhibits as supplementing the Amended Complaint.  To the extent that these motions (ECF Nos. 39 and 40) request other relief or action by the Court, they are DENIED.

## II.     Plaintiffs' Motions for Injunctive and Habeas Relief

The plaintiffs' motions for a stay or dismissal in their Rhode Island criminal case, K2-2018-0869A/B, and for a writ of habeas corpus are DENIED.  (ECF Nos. 52, 53.)  Under *Younger v. Harris*, 401 U.S. 37 (1971), this Court may not stay, dismiss, or otherwise interfere with the plaintiffs' ongoing state prosecution.  This principle similarly forbids the Court from entertaining the plaintiffs' request for pre-trial habeas relief.  *See In re Justs. of Superior Ct. Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-19 (1st Cir. 2000).

All three elements of *Younger* abstention are met here.  *See Colonial Life & Acc. Ins. v. Medley*, 572 F.3d 22, 26 (1st Cir. 2009).  The plaintiffs' claim that *Younger*

does not apply because they have been denied an opportunity to assert their constitutional claims in state court is misplaced; their briefing to this Court reflects that they have been provided, and taken advantage of, many opportunities to be heard on these issues.

No exception to *Younger* applies. The Court is unconvinced, based on plaintiffs' conclusory allegations, that the state's prosecution was brought without "any expectation of securing valid convictions," *Younger*, 401 U.S. at 752, or that judicial bias counsels against abstention. *See Brooks v. N.H. Sup. Ct.*, 80 F.3d 633, 640 (1st Cir. 1996). As for the plaintiffs' claim that they have been charged with a "fictional" statute (ECF No. 53 at 12), R.I. Gen. Laws § 21-28-4.01.1 is not "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)). And the plaintiffs do not allege "great and immediate" irreparable injury if the prosecution continues or that the "threat to [their] federal protected rights … cannot be eliminated by [their] defense against" that prosecution. *Younger*, 401 U.S. at 46 (internal citations omitted).

### III.   Defendants' Motions to Dismiss

On a Rule 12(b)(6) motion to dismiss, the Court accepts the complaint's "well-pleaded factual allegations" and takes "all reasonable inferences in favor of the non-moving party." *Cheng v. Neumann*, 51 F.4th 438, 443 (1st Cir. 2022) (quoting *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017)). The Court does not credit "legal labels or

4

conclusory statements," instead looking to "the complaint's non-conclusory, non-speculative factual allegations" and, ultimately, determining "whether they plausibly narrate a claim for relief." *Id.* The Court must grant the Rule 12(b)(6) motion as to an untimely claim if the plaintiffs have not alleged facts providing "a basis for tolling the statute of limitations." *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 119 (1st Cir. 2014) (citing *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 320 (1st Cir. 2008)).

### A. Section 1983 and *Bivens* Claims

The plaintiffs assert that various defendants committed First and Fourth Amendment constitutional torts in the form of unlawful searches, arrests, and criminal prosecutions related to the plaintiffs' use and cultivation of cannabis, which is a central tenet of their religious practice. None of the plaintiffs' § 1983 or *Bivens* claims survive the statute of limitations and plausibly narrate a claim for relief.

The plaintiffs filed suit on February 14, 2024. (ECF No. 1.) A three-year limitations period, borrowed from Rhode Island law, applies. *See Riggs v. Curran*, 863 F.3d 6, 10 (1st Cir. 2017) (§ 1983); *Barrett ex rel. Est. of Barrett v. United States*, 462 F.3d 28, 38 (1st Cir. 2006) (*Bivens*). Their constitutional tort actions accrued "at the moment the plaintiff kn[ew], or ha[d] reason to know, of the injury that is the basis for the claim." *Nieves v. McSweeney*, 241 F.3d 46, 52 (1st Cir. 2001) (§ 1983); *see also Barrett*, 462 F.3d at 38-39 (*Bivens*). The "proper focus" is on the time when the plaintiff becomes aware of the act causing his or her injury, not when he or she begins to feel its consequences. *Vistamar, Inc. v. Fagundo-Fagundo*, 430 F.3d 66, 70

5

(1st Cir. 2005) (quoting *Chardón v. Fernández*, 454 U.S. 6, 8 (1981)).

The plaintiffs allege that, in July 2015, they were repeatedly and wrongfully seized, searched, and detained by federal officers based on their possession of cannabis on or near federal property as part of a religious event. (ECF Nos. 26 ¶¶ 68-72, 73.) They do not allege that any of these seizures involved an arrest warrant. These claims accrued in 2015—the time the injury was felt—and thus are far outside the three-year statute of limitations. See *Nieves*, 241 F.3d at 52 ("[C]laims arising from police action toward a criminal suspect, such as arrest and seizure, are presumed to accrue when the actions occur[.]"). Their claims based on 2016 warrant searches of their home are untimely for the same reason. (ECF No. 26 ¶¶ 78-81, 84-85, 89-91, 101, 110.) And their allegations that, in 2019, various state defendants conspired to impersonate them to court officials are similarly barred, given that the plaintiffs quickly detected the purportedly "obvious" frauds on the court. *Id.* ¶¶ 122, 124, 125, 130.

The plaintiffs also attack warrant seizures of cannabis plants and a painting of the Virgin Mary that occurred in 2016. They also allege that they were permanently deprived them of these items because various defendants wrongfully "transported [the painting] across State lines … without any Civil or Criminal hearing or motion," *id.* ¶ 81, and the cannabis plants were "lost, destroyed or stolen" without a "motion or order to dispose" of them. *Id.* ¶ 103. "In a § 1983 case concerning the unlawful taking of property, the statute of limitations begins to run on the date of the wrongful appropriation." *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30,

6

32 (1st Cir. 1985), *abrogated on other grounds by Carreras-Rosa v. Alves-Cruz*, 127 F.3d 172, 174 (1st Cir. 1997)). See *Vistamar, Inc.,* 430 F.3d at 70-71 (noting that a § 1983 claim for a wrongful taking accrues at the time of the appropriation, not when the plaintiff learns of its wrongful nature). The alleged takings of the painting and cannabis plants are outside the statute of limitations.

The result is the same if the plaintiffs' takings allegations are recast as violations of their Fourteenth Amendment right to procedural due process, given that a § 1983 claim would accrue at the time "the State fail[ed] to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *see Richer v. Parmelee*, 189 F. Supp. 3d 334, 341 n. 7 (D. R.I. June 1, 2016). The plaintiffs make no allegations about any efforts to reclaim the plants or the painting from the state. They also admit that the plants may have been lost or stolen, rather than destroyed. In sum, their most recent allegation of a violation of procedural due process remains at the time of the items' seizure, and outside the limitations period.

A malicious prosecution action accrues when the underlying criminal proceeding ends favorably for the plaintiff. *Nieves*, 241 F.3d at 51 (citing *Heck v. Humphrey*, 512 U.S. 477, 489 (1994)). This rule does not save the plaintiffs' claims for malicious prosecution based on their 2016 arrests, given that the resulting charges were dismissed in 2018. (ECF No. 26 ¶¶ 101, 110.) The federal citations issued against plaintiffs in 2015 initially appear to present a closer question because they were dismissed in 2024. (ECF No. 39 at 7-9.) But the plaintiffs admit that "no prosecution ever ensued" from these citations, and they do not allege that they were

ever required to pay a fine or come to court to address them.[1]  (ECF No. 26 ¶ 73.)

Although the Court is disturbed that these charges remained open for nine years, without any action by the government to either pursue or dismiss them, the plaintiffs' allegations do not state a claim for malicious prosecution or other constitutional tort.  Malicious prosecution requires a "seizure of the plaintiff pursuant to legal process."  *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013).  "[W]here an individual is arrested without a warrant, he is detained without process" until he is either released or subjected to detainment *with process*, such as "when he is bound over by a magistrate or arraigned on charges."  *Id.* at 100 n.9 (quoting *Wallace v. Kato*, 549 U.S. 384, 389 (2007)).  The claim for false imprisonment accrues at that time.  *See Wallace*, 549 U.S. at 389-90.  Here, because the plaintiffs were seized without a warrant and released soon after, and no seizure under legal process followed, any constitutional tort claim accrued when they were released from custody in 2015, not when the charges were dismissed in 2024.  (ECF No. 26 ¶ 72-73.)

The plaintiffs argue that, given the burden imposed by their past and ongoing state prosecutions, equitable tolling should save their untimely claims.  (ECF No. 45 at 15-17.)  The plaintiffs' arguments fail under both state and federal equitable tolling principles.  Under federal law, a litigant must have "pursued [her] rights diligently" and have been prevented from bringing a timely action by "some extraordinary

---

[1] The plaintiffs assert that these open charges "inhibited passport application/renewal, thereby denying travel to the Plaintiffs," but they do not allege that they ever applied for or were denied a new passport or passport renewal.  (ECF No. 26 ¶ 94.)

8

circumstance." *Martin v. Somerset Cnty.*, 86 F.4th 938, 945 (1st Cir. 2023) (quoting *Arellano v. McDonough*, 598 U.S. 1, 6 (2023)).  Under Rhode Island law, equitable tolling requires "either a plaintiff who was not able to discover his or her injury despite diligent efforts or extraordinary circumstances that prevented the plaintiff from complying with the deadline despite using reasonable diligence." *Polanco v. Lombardi*, 231 A.3d 139, 155-56 (R.I. 2020).  The plaintiffs' briefing reveals other civil lawsuits that they managed to bring while defending against the prosecutions they now blame for their untimely claims.  The plaintiffs allege no extraordinary circumstances or inability to discover their injuries, and the Court is not convinced that they have acted with reasonable diligence.

There is, however, the issue of any claim for malicious prosecution for the plaintiffs' ongoing criminal prosecution.  Again, a claim for malicious prosecution does not accrue unless and until the underlying criminal proceeding terminates in the plaintiffs' favor.  *Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 101 (1st Cir. 2013).  Because there is a pending state prosecution, these claims are not time-barred—but they also have not yet accrued.  *See Nieves*, 241 F.3d at 51.  And, indeed, the claims may never accrue because the plaintiffs may not obtain a favorable termination of their pending criminal actions.  The claims therefore are not ripe for adjudication and the Court will dismiss them without prejudice.  *See Texas v. United States*, 523 U.S. 296, 300 (1998) (holding that a "claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all'").

Finally, to the extent that plaintiffs assert other wrongdoing by way of § 1983 and *Bivens*, they fail to state a claim for relief. Deprivation of a federally secured right is an element of any § 1983 claim. *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 40-41 (1st Cir. 2009). The plaintiffs have not tied the state defendants' allegedly malicious use of the term "marijuana," which the plaintiffs find to be extremely offensive, to any such deprivation. As an extension of this principle, a "state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation" for a § 1983 claim. *See Martinez v. Colon*, 54 F.3d 980, 989 (1st Cir. 1995). The state defendants' purported violations of Rhode Island laws requiring certain reports to the state legislature and limiting the scope of the Attorney General's Office ability to represent defendant Neronha in his individual capacity cannot support a § 1983 claim.

### B.   Civil RICO claims

The plaintiffs assert that the defendants have engaged in a racketeering scheme centered around and achieved through the application of state and federal cannabis laws. "To state a civil RICO claim, a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" *Humana Inc. v. Biogen, Inc.*, 126 F.4th 94, 103 (1st Cir. 2025) (quoting *Kenda Corp. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216, 233 (1st Cir. 2003)). The "pattern" element "requires a plaintiff to show at least two predicate acts of 'racketeering activity,' which is defined to include violations of specified" laws listed in the statute. *Id.* (quoting *Kenda*, 329 F.3d at 233); *see* 18 U.S.C. § 1961(1) (listing all RICO predicate

10

offenses). The plaintiff must also show that the predicates "are related, and that they amount to or pose a threat of continued criminal activity." *Efron v. Embassy Suites (P.R.), Inc.*, 223 F.3d 12, 15 (1st Cir. 2000). Finally, the plaintiff must have suffered some injury to "his business or property" because of the predicate acts. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495 (1985).

Civil RICO claims are subject to a four-year statute of limitations. *Lares Group, II v. Tobin*, 221 F.3d 41, 44 (1st Cir. 2000) (citing *Agency Holding Corp. v. Malley-Duffy Assocs., Inc.*, 483 U.S. 143, 156 (1987)). That statute of limitations begins to run as to a predicate act "when [the] plaintiff knew or should have known of his injury," not when he or she knew or should have known that the predicate act was part of a pattern of racketeering activity. *Lares Group*, 221 F.3d at 44 (quoting *Rotella v. Wood*, 528 U.S. 549, 553 (2000)).

The plaintiffs have not plausibly alleged a pattern of two or more timely predicate offenses. Of the plaintiff's identified RICO predicates accruing within striking distance of the limitations period, many fail for lack of a non-conclusory allegation that they proximately caused an injury to the plaintiffs' business or property. (ECF Nos. 26 ¶¶ 136, 145, 150; 39 at 5.) And the remainder lack facts, other than conclusory statements, adding up to any criminal act within the statute's reach. (ECF No. 26 ¶¶ 142, 149.) A RICO plaintiff may not "defeat a motion to dismiss simply by asserting an inequity attributable to a defendant's conduct and tacking on the self-serving conclusion that the conduct amounted to racketeering." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991), *abrogated on other*

11

*grounds by United States v. Velazquez-Fontanez*, 6 F.4th 205, 213 n.2 (1st Cir. 2021). Moreover, for the reasons discussed above, the plaintiffs have not shown an entitlement to equitable tolling for any of their out-of-time predicate acts. The plaintiffs' civil RICO claims are DISMISSED.

### C. FTCA claim

While the plaintiffs identify the FTCA as one of their three causes of action, they otherwise neglect to address it. Under the FTCA, a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Rakes v. United States*, 442 F.3d 7, 19 (1st Cir. 2006) (quoting 28 U.S.C. § 2401(b)). Additionally, a plaintiff "may not file [an FTCA] tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim—whichever comes first." *Barrett*, 462 F.3d at 36. The plaintiffs do not allege that they ever submitted an administrative tort claim to any federal agency, let alone that they exhausted their administrative remedies before filing this action.

The Court is unable to discern from plaintiffs' pleadings any torts attributed to a federal defendant that could have accrued within the two-year limitations period. *See Rakes*, 442 F.3d at 19 (providing that an FTCA claim accrues when an "injured party knew, or in the exercise of reasonable diligence, should have known the factual basis for the cause of action." (quoting *Attallah v. United States*, 955 F.2d 776, 780 (1st Cir. 1992)). The plaintiffs' FTCA claims are DISMISSED with prejudice.

12

In sum, the Court holds as follows:

- The plaintiffs' Motion for Leave to File a Supplementary Amendment (ECF No. 40) is GRANTED IN PART and DENIED IN PART;

- The plaintiffs' Motion for a Stay of the Ongoing State Case (ECF No. 52) is DENIED;

- The plaintiffs' Motion for an Interim Injunction and/or Petition for a Write of Habeas Corpus (ECF No. 53) is DENIED;

- The defendants' Motions to Dismiss (ECF Nos. 38, 48) are GRANTED. Any claims for malicious prosecution regarding the pending state criminal prosecutions are not ripe and thus are dismissed without prejudice. All other claims are time-barred by the applicable statute of limitations and are dismissed with prejudice;

- The plaintiffs' Motion to Strike (ECF No. 39) and Motion for an Extension of Time (ECF No. 42) are DENIED AS MOOT.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

February 25, 2025